at the rate of 6 per cent. per annum upon deferred dividend payments from the dates like dividends out of the several banks were paid to the unsecured depositors. This allowance was proper. Chemical National Bank v. Armstrong (C. C. A. 6) 59 F. 372, 28 L. R. A. 231; Merrill v. First National Bank of Jacksonville (C. C. A.) 75 F. 148; Id., 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640; Armstrong v. American Exchange National Bank, 133 U. S. 433, 10 S. Ct. 450, 33 L. Ed. 747. The decree also directed the allowance of interest upon the claims decreed to be entitled to priority under section 3466, supra, at the rate of 4½ per cent. per annum, the rate which the banks contracted to pay the United States. Since the surety company became subrogated to the rights of the United States, this allowance was also proper. American Surety Co. v. Carbon Timber Co. (C. C. A. 8) 263 F. 295; Spring Coal Co. v. Keech (C. C. A. 4) 239 F. 48, L. R. A. 1917D, 1152.

It follows that the decree of the District Court was right, and it is affirmed.

O. B. MOTHERSEAD, Bank Commissioner of the State of Oklahoma, Appellant, v. NEW AMSTERDAM CASUALTY COMPANY, a Corporation, Appellee.

Circuit Court of Appeals, Eighth Circuit.
October 28, 1927.

No. 7396.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

M. W. McKenzie and Gentry Lee, both of Oklahoma City, Okl., for appellant.

M. M. Thomas, of Oklahoma City, Okl. (S. H. Harris and J. R. Spielman, both of Oklahoma City, Okl., and S. L. Harris, of Kansas City, Mo., on the brief), for appellee.

Before BOOTH, Circuit Judge, and TRIEBER [1] and PHILLIPS, District Judges.

PHILLIPS, District Judge. In the case of Mothersead v. United States F. & G. Co. (No. 7400, opinion filed October 28, 1927) 22 F.(2d) 644, all of the questions presented on this appeal, on a state of facts substantially the same as the facts in this case, were considered by this court, and determined adversely to the contentions of the appellant here.

On the authority of that case the decree appealed from is affirmed.

O. B. MOTHERSEAD, Bank Commissioner of the State of Oklahoma, Appellant, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, a Corporation, Appellee.

Circuit Court of Appeals, Eighth Circuit.
October 28, 1927.

No. 7397.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

M. W. McKenzie and Gentry Lee, both of Oklahoma City, Okl., for appellant.

J. S. Ross, of Oklahoma City, Okl. (H. C. Thurman, S. J. Clay, and Ross & Thurman, all of Oklahoma City, Okl., on the brief), for appellee.

Before BOOTH, Circuit Judge, and TRIEBER [1] and PHILLIPS, District Judges.

PHILLIPS, District Judge. In the case of Mothersead v. United States F. & G. Co. (No. 7400, opinion filed October 28, 1927) 22 F.(2d) 644, all of the questions presented on this appeal, on a state of facts substantially the same as the facts in this case, were considered by this court, and determined adversely to the contentions of the appellant here.

On the authority of that case the decree appealed from is affirmed.

O. B. MOTHERSEAD, Bank Commissioner of the State of Oklahoma, Appellant, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellee.

Circuit Court of Appeals, Eighth Circuit.
October 28, 1927.

No. 7398.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

M. W. McKenzie and Gentry Lee, both of Oklahoma City, Okl., for appellant.

J. S. Ross, of Oklahoma City, Okl. (H. C. Thurman, S. J. Clay, and Ross & Thurman, all of Oklahoma City, Okl., on the brief), for appellee.

Before BOOTH, Circuit Judge, and TRIEBER [1] and PHILLIPS, District Judges.

PHILLIPS, District Judge. In the case of Mothersead v. United States F. & G. Co. (No. 7400, opinion filed October 28, 1927) 22 F.(2d) 644, all of the questions presented on this appeal, on a state of facts substantially the same as the facts in this case, were con-

[1] The late Judge Trieber concurred in this opinion during his lifetime.

sidered by this court, and determined adversely to the contentions of the appellant here.

On the authority of that case the decree appealed from is affirmed.

---

**O. B. MOTHERSEAD, Bank Commissioner of the State of Oklahoma, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellee.**

Circuit Court of Appeals, Eighth Circuit.
October 28, 1927.

No. 7399.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

M. W. McKenzie and Gentry Lee, both of Oklahoma City, Okl., for appellant.

John Tomerlin, of Oklahoma City, Okl. (Stephen Chandler, of Oklahoma City, Okl., on the brief), for appellee.

Before BOOTH, Circuit Judge, and TRIEBER [1] and PHILLIPS, District Judges.

PHILLIPS, District Judge. In the case of Mothersead v. United States F. & G. Co. (No. 7400, opinion filed October 28, 1927) 22 F.(2d) 644, all of the questions presented on this appeal, on a state of facts substantially the same as the facts in this case, were considered by this court, and determined adversely to the contentions of the appellant here.

On the authority of that case the decree appealed from is affirmed.

---

**GREAT NORTHERN LIFE INS. CO. v. DIXON.**

Circuit Court of Appeals, Eighth Circuit.
October 26, 1927.

No. 7781.

1. **Exceptions, bill of ☞36(1)—New trial ☞ 131(1), 132(1)—Bill of exceptions or transcript of testimony is not prerequisite to motion for new trial, nor is such motion prerequisite for settling bill of exceptions.**

In the federal courts, neither a bill of exceptions nor a transcript of the testimony is indispensably prerequisite for a new trial, nor is the making of a motion for new trial a prerequisite for the settling of a bill of exceptions.

2. **New trial ☞156—Prevention of undue delays in hearing on motion for new trial rests in trial court's wise discretion.**

Prevention of undue delays by obtaining postponement of hearing on motion for new trial until transcript of testimony is obtained, and

thereby obtaining material enlargement of time for suing out writ of error, rests in the wise discretion of the trial court.

3. **Exceptions, bill of ☞38—Trial court has jurisdiction to settle bill of exceptions during term and valid extension thereof, but not thereafter.**

Trial court has jurisdiction to settle and sign a bill of exceptions during the judgment term and any valid extension thereof, which may be made by standing order or by special order made during the judgment term, or a valid extension thereof, and at the end of the judgment term and any valid extension thereof the court loses jurisdiction to do so.

4. **Appeal and error ☞537—Bill of exceptions, settled and signed after term and after stipulated extension, cannot be considered.**

Stipulation of counsel, made during the judgment term or any valid extension thereof, that the court may settle bill of exceptions within a specified period, enables the court lawfully, during the specified period, to perform such act; but consent or stipulation of counsel after the expiration of valid extension period cannot confer jurisdiction on the court to do so, and the settling and signing of a bill of exceptions after expiration of judgment term and of the time stipulated by counsel were coram non judice, and could not be considered as part of the record on writ of error.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by Connie A. Dixon against Great Northern Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Theodore M. Bailey, of Sioux Falls, S. D. (Charles O. Bailey and John H. Voorhees, both of Sioux Falls, S. D., and Charles R. Holton, of Chicago, Ill., on the brief), for plaintiff in error.

U. S. G. Cherry, of Sioux Falls, S. D. (Holton Davenport and Gale B. Braithwaite, both of Sioux Falls, S. D., on the brief), for defendant in error.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment recovered on a policy of accident insurance in an action brought by defendant in error, wife of the insured and the beneficiary in the policy, against plaintiff in error, the insurer. The jury returned a verdict for the full amount of the policy, with interest. Parties will be designated as in the court below.

There are 50 assignments of error. Those relied upon, however, relate to the following matters: (1) Admission of evidence; (2)

---

[1] The late Judge Trieber concurred in this opinion during his lifetime.